ELEANOR F. BISHOP *v.* PATRICK BAXTER.

In an action for the recovery of personal property, under the Code of Procedure, a claim (Code, § 216) was interposed on behalf of a third person, by his agent, who made oath that he was duly authorized to make the claim and required affidavit: *Held,* that such claim and affidavit might be made by the agent on behalf of his principal.

SPECIAL TERM, *July,* 1869.

THIS was an action to recover possession of personal property on which the plaintiff had made a requisition on the sheriff to take possession. A claim was made upon the sheriff under § 216 of the Code, in the name of a third person, as owner of the property. The necessary affidavit was made by the father of the third person, the latter being absent from the State, the affidavit averring the agency of the father, &c.

The plaintiff now moved for an order compelling the sheriff to deliver the property to her, which the sheriff had refused to do unless indemnified.

*Lewis S. Thomas,* for the motion.

*R. W. Townsend,* opposed.

BRADY, J.—This motion must be denied. The statute, Code, § 216, is designed for the protection of the sheriff, and when a claim of title is made by any person other than the defendant or his agent, to the property in dispute, the plaintiff must indemnify the sheriff. Such claim may be interposed by the third person as an agent on his behalf. In this case the claim is interposed through the agent of the third person, but such agent swears that he is duly authorized to do what he has done. There is no summary way of investigating the truth or *bona fides* of the alleged agency or claim. The statute is imperative. When a claim is interposed, the sheriff is entitled to indemnity. To hold that such a claim could not be set up by

an agent of a third party, would be to strictly construe a remedial statute, and which would be in hostility to well established rules of construction.  The doctrine of *facit per alium facit per se* applies to the section of the Code already mentioned, and the claim therein allowed to be made, may be put in by an agent.  The statements made in the plaintiff's deposition militate against the good faith of the agent's acts, and make the construction given to the section under consideration a seeming hardship.  The plaintiff, however, gave sureties when the action was commenced, and they would doubtless be satisfactory to the sheriff on the subject of indemnity.

Motion denied.